### J. J. BARDEN, JR., v. AMERICAN RAILWAY EXPRESS COMPANY ET AL.

(Filed 23 March, 1921.)

**Carriers of Goods—Express Companies—Injury to Stock—Negligence—Presumption—Evidence—Questions for Jury—Trials.**

> Under a contract of shipment with the carrier, an express company, the consignor was furnished with free transportation under an agreement that he would go in the same car with and care for his stock to a certain place en route, which he did, but there took a different train to destination: *Held,* the presumption of negligence on the part of the express company

arising from delivery of some of the stock injured while being transported is not rebutted by the fact of free transportation of the consignor under the terms of the contract; and evidence that before reaching the intermediate point an animal was injured in his foot by a nail in the car, and thereafter another died from an injury to its back, is sufficient to take the case to the jury.

APPEAL by defendants from *Connor, J.*, at the November Term, 1920, of DUPLIN.

This is an action to recover the value of one gray mare and one mule.

On 13 November, 1917, the plaintiff purchased a carload of stock in East St. Louis, Mo., consisting of twenty-one mules and eight horses, to be shipped to Warsaw, N. C. The stock were loaded on the car about 7 p. m., and left at 8 p. m. the same day; none of the stock were lame or sick, and they all appeared to be in good condition. The plaintiff entered into the written contract set out in the record, and was furnished a free pass to accompany the stock as far as Washington, D. C., and agreed on his part to look after the stock, care for, feed, and water them. Plaintiff left on the same train with stock, which reached Harrisburg, Pa., about 5 a. m., 15 November. The stock were unloaded and fed at Harrisburg, and the mule was lame when driven off the car at Harrisburg, and the horses were in good condition.

Plaintiff then left Harrisburg with the stock, went on to Washington, D. C., and on to Richmond, Va., and he saw the stock at Richmond. At Richmond plaintiff bought a ticket, took a berth and went to bed. And the stock reached Warsaw on the morning of the 17th, one day after the arrival of the plaintiff, although the agent of the defendant told the plaintiff at Richmond the car of stock would go on same train with him, and when unloaded the mule was still lame, and after reaching plaintiff's stable a wire nail was found in his foot; the gray mare appeared to be paralyzed when stock was unloaded, hurt on the back, and died in a day or two. The mule got better and was sold.

The evidence of the plaintiff tended to prove that the injury to the mare was caused by something falling on her back, and that the nail in the foot of the mule was in the car when the shipment began.

There was a verdict and judgment for the plaintiff, and the defendant excepted and appealed.

*Gavin & Blanton for plaintiff.*
*Stevens & Beasley for defendants.*

PER CURIAM. All of the exceptions of the defendant raise the same question, and that is whether there was sufficient evidence to be submitted to the jury.

The defendant does not deny the proposition that proof of loss or damage while in its possession or under its control makes out a *prima facie* case in favor of the plaintiff, but it contends that this principle has no application because of the agreement to give the plaintiff free transportation, and that he would feed and care for the stock.

There is authority for this position, although it is held by some of the courts that such a stipulation in a bill of lading is void because it is a contract to relieve the carrier of its common-law duty (see *R. R. v. Fagan,* 13 A. S. R., 776; *Heller v. R. R.,* 63 A. S. R., 554; *Stiles v. R. R.,* 130 A. S. R., 461), but however this may be, it cannot prevail, and cannot rebut the presumption arising from injuries and damage sustained while in the possession of the defendant, except where the damage is caused by the failure of the plaintiff to perform his agreement and in this case there is no evidence of such failure.

Again, the free transportation did not extend beyond Washington City, and up to that point did not require the plaintiff to ride in the car with the stock, and although the defendant's agent promised to do so, it did not carry the stock on the same train with the plaintiff from Richmond to Warsaw, and during this part of the shipment and for more than twenty-four hours the defendant had complete control and custody of the car of stock in the absence of the plaintiff.

Also the nature of the injuries furnished circumstantial evidence that the defendant did not furnish a reasonably safe car, and that this was the cause of the injury, and if so, the defendant was negligent.

No error.